UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO, through ATTORNEY GENERAL LAWRENCE WASDEN,<br><br>Plaintiff,<br>v.<br><br>THE MCGRAW-HILL COMPANIES, INC., and STANDARD & POOR'S FINANCIAL SERVICES LLC,<br><br>Defendants. | Case No. 1:13-cv-00108-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion for Extension of Time to File Response to Complaint (Dkt. 7). The parties agreed to expedite the briefing on the motion, which is now completed. For the reasons explained below, the Court will grant the motion.

## ANALYSIS

Defendants ask the Court to extend their deadline for filing a response to the Complaint until after the Court rules on the pending Motion to Stay. The Motion to Stay was filed on March 11, 2013.

Rule 6 requires "good cause" for an extension of time under the circumstances of this case. Fed. R. Civ. P. 6(b)(1)(A). Defendants ask the Court for the extension in the interest of judicial efficiency, to avoid duplication of efforts and resources, and to avoid

MEMORANDUM DECISION AND ORDER - 1

the prospect of inconsistent rulings because the Judicial Panel on Multidistrict Litigaiton is considering a consolidation of this matter with several similar cases filed throughout the United States. Essentially, they explain that if they are required to file their responsive pleading, which in all likelihood will be a motion to dismiss, this Court may issue a decision which may ultimately be at odds with a decision issued by a transferee court in the MDL case.

     Plaintiffs suggest that Defendants have had ample time to prepare and file their responsive pleading. Even if true, that fact does not make much difference here. However, they further suggest that an extension would prolong this case rather than promote judicial economy. But they also indicate that they intend to fully respond to and oppose the pending motion to stay.

     Under these circumstances, the Court finds good cause to grant the motion. The question whether this case should await a decision by the MDL Panel before proceeding will be fully addressed within the Motion to Stay. Extending the deadline for Defendants to respond to the Complaint until after the Court addresses that motion will give the parties and the Court a better opportunity to fully consider the issue without having to address a potential motion to dismiss at this point. Doing otherwise would put the proverbial cart before the horse. Moreover, such an extension will be rather short. The Motion to Stay was filed on March 11. That means the motion will be fully briefed within a month – or sooner if Plaintiffs choose to file their response brief sooner than the 21 days allotted them.

**MEMORANDUM DECISION AND ORDER - 2**

However, the Court is nonetheless mindful of the delay. Accordingly, if the Court ultimately denies the Motion to Stay, the Court will expect to set tight deadlines in its Case Management Order as a way of making up for this initial delay.[1] That way, any delay caused by this Order will be minimal.

## ORDER

**IT IS ORDERED THAT:**

1. Defendant's Motion for Extension of Time to File Response to Complaint (Dkt. 7) is **GRANTED**.

DATED: March 22, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court

---

[1] The Court notes that Plaintiffs recently filed a Motion to Remand. Obviously, that motion may change everything, but the Court cannot pre-judge it at this point.

MEMORANDUM DECISION AND ORDER - 3